IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-68-NJR-DGW |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., C/O | ) | |
| MIRACLE, LT. CLARK, and VIPIN SHAH, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendants Clark and Miracle (Doc. 39) be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

On January 21, 2016, Plaintiff filed a 42 U.S.C. § 1983 action alleging claims that arose while he was incarcerated at the Pinckneyville Correctional Center after January 21, 2015. Plaintiff claims that during his transfer to Pinckneyville on that date, he developed a knee condition that required medical attention.  He unsuccessfully sought such medical attention from Defendant Miracle; he was denied a low bunk by Defendant Clark, and he received ineffective

medical care from Defendant Shah.  He further claims that, in order to save money, Wexford maintains a policy of not providing diagnostic tools (like a CAT scan machine).

When Plaintiff filed his Complaint (on January 21, 2016), he was incarcerated at the Pontiac Correctional Center.  He was subsequently transferred to Menard Correctional Center on August 31, 2016.

Only Defendants Miracle and Clark, who are employed by the Illinois Department of Corrections, seek summary judgment on the affirmative defense that Plaintiff failed to exhaust his administrative remedies (Doc. 39).  Plaintiff responded on September 14, 2016 (Doc. 45) and a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was held on September 27, 2016 in which Plaintiff appeared by videoconference and Defendants appeared by counsel.

### FINDINGS OF FACT

Plaintiff states that he wrote a grievance on February 6, 2015 to which the jail did not respond (Doc. 45, p. 1).  The record does not contain a copy of this grievance.  At the time, Plaintiff was in segregation and submitted the grievance by placing it in his door for mail pickup. When he did not receive a response, he inquired with the counselor for the segregation unit who indicated that no grievance was received.  Plaintiff indicated that this February 6th grievance contained the same information and complaints as are contained in the March 2 grievance.

In the March 2, 2015 grievance,[1] Plaintiff complains that his knee requires medical attention but that Defendant Miracle did not provide any medical care or otherwise respond to his complaints (Doc. 33, p. 3).  The grievance goes on to state that an unnamed nurse took no action upon intake and that an "officer" and an "LT" failed to honor his low bunk permit (*Id*. 4). Finally, the grievance states that he made several requests to see the doctor or nurse from

---

[1] The grievance does not contain Plaintiff's signature or related date.

January 21, 2015 to February 22, 2015 to no avail; until he paid the co-pay on February 15, 2015 in order to have a nurse sick call (*Id*)  A counselor responded to this grievance on June 11, 2015 (after having received it on April 23, 2015) (*Id.* 3).  There is no indication in the written record that Plaintiff sent the grievance to the grievance officer or to the Administrative Review Board.

In a grievance dated July 2, 2015, Plaintiff complained of the actions of Wexford, stating that it failed to provide diagnostic tests for his knee condition (*Id*. 1-2).  The grievance names "Wexford and the doctors" but does not otherwise mention the actions of either Defendant Miracle or Clark.

The Court finds that Plaintiff is credible in his assertion that he submitted a February 6th grievance to which no response was made.  The Court also finds Plaintiff credible in his ascertain that he submitted the March 2 grievance to the grievance officer but received no response.  Plaintiff stated that when he didn't receive a response to the first grievance, he drafted the March 2nd grievance and decided to make copies of it (after the counselor responded) in order to have a record.  He also inquired about the February 6th grievance and there is a record that he inquired about other grievances to his counselor (Doc. 33, pp. 6-10).  It seems logical to the Court that Plaintiff would follow up on subsequent grievances after the jail failed to respond to the February 6th grievance and that he would make copies of subsequent grievances.  Plaintiff did not exaggerate his actions or otherwise fabricate dates or events.[2]  Plaintiff appeared sincere and forthright in his testimony about the steps he took to exhaust his administrative remedies. The parties further agreed that the July 2, 2015 grievance is irrelevant to the moving Defendants.

---

[2] Plaintiff initially testified that the sent the March 2nd grievance to the grievance officer the day that he received it back from the counselor.  Upon further questioning, Plaintiff corrected his statement and indicated that he sent the counselor's response to the law library for copying and then forwarded the grievance to the grievance officer.  While the two statements are inconsistent, Plaintiff clarified the discrepancy and the Court does not find that he was attempting to be deceitful.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182

F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* §504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO

in writing within 30 days to the Administrative Review Board for a final decision.  *Id.*, §
504.850(a).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).  An inmate may
request that a grievance be handled as an emergency by forwarding it directly to the CAO.  If the
CAO determines that there exists a substantial risk of imminent personal injury or other serious
or irreparable harm, the grievance shall be handled on an emergency basis, which allows for
expedited processing of the grievance by responding directly to the offender indicating what
action shall be taken.  *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See*
42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become
"unavailable" when prison officials fail to respond to inmate grievances.  *Lewis v. Washington*,
300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).  The
availability of a remedy does not depend on the rules and regulations as they appear on paper,
but on "whether the paper process was in reality open for the prisoner to pursue."  *Wilder v.
Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009).  If further remedies are unavailable to the prisoner,
he is deemed to have exhausted.  *Id.*  Prisoners are required only to provide notice to
"responsible persons" about the complained-of conditions.  *See Wilder*, 310 Fed.Appx. at 15
(citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)).  An inmate forfeits the grievance
process, however, when he causes the unavailability of a remedy by not filing or appealing a
grievance.  *See Kaba*, 458 F.3d at 684.

The February 6th grievance set forth Plaintiff's complaint against Defendants Miracle
and Clark (even though he was not specifically named) and placed Defendants on notice about
his claims and gave them an opportunity to take corrective action.  The grievance was submitted
in a timely manner.  By failing to respond to the February 6th grievance, the prison rendered the

grievance process unavailable and Plaintiff is deemed to have exhausted.  In light of this conclusion, Plaintiff was not required to file the March 2nd grievance.  However, by failing to respond to that grievance, the process was again rendered unavailable.

RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendants Clark and Miracle (Doc. 39) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 3, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**