## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HENRY JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-CV-68-NJR-DGW** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **C/O MIRACLE, LT. CLARK, and VIPIN** | ) | |
| **SHAH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 50), which recommends that this Court deny the Motion for Summary Judgment (Doc. 39) filed by Defendants Michael Clark and Seth Miracle.[1] The Report and Recommendation was entered on October 3, 2016. No objections have been filed.

Plaintiff Henry Jones ("Jones"), an inmate in the custody of the Illinois Department of Corrections, filed this case on January 21, 2016, asserting his constitutional rights were violated when he unsuccessfully sought medical attention from Defendant Miracle, was denied a low bunk by Defendant Clark, and received ineffective medical care from Defendant Shah. Jones further claims that, in order to save money, Wexford maintains a policy of not providing diagnostic tools (such as a CAT scan machine).

On August 26, 2016, Defendants Clark and Miracle filed a motion for summary

---

[1] The Clerk's Office is **DIRECTED** to update the docket sheet to reflect the true and accurate names of the following defendants: "Lt. Clark" should be "Michael Clark," and "C/O Miracle" should be "Seth Miracle."

judgment on the basis that Jones failed to exhaust his administrative remedies before bringing suit against them (Docs. 39 and 40). On September 14, 2016, Jones filed a response to the motion (Doc. 45). On September 27, 2016, Magistrate Judge Wilkerson held a hearing on the motion pursuant to *Pavey v. Conley*, 544 F.3d 737 (7th Cir. 2008), in which Jones appeared by videoconference and Defendants Clark and Miracle appeared by counsel (Doc. 48).

On October 3, 2016, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 50). The Report and Recommendation accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give "fresh consideration to those issues to which specific objections have been made." *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

Where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. 636(b), however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the

findings, analysis, and conclusions of Magistrate Judge Wilkerson.

The Court agrees with Magistrate Judge Wilkerson that Jones has exhausted his administrative remedies. Magistrate Judge Wilkerson determined that Jones was credible in his assertions that he submitted a February 6th grievance to which he received no response and that he submitted a March 2nd grievance to which he received no response, and that credibility determination is entitled to deference. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). The grievance process was rendered unavailable and thus Jones is deemed to have exhausted his administrative remedies.

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 50) and **DENIES** the Motion for Summary Judgment (Doc. 39) filed by Defendants Clark and Miracle.

**IT IS SO ORDERED.**

**DATED:   November 14, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**